UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEHOUSE CALIFORNIA ALMONDS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TRAM BAR CO-PACKING LLC, a Pennsylvania Limited Liability Company dba The Organic Snack Company,<br><br>Defendant. | Case No. 1:24-cv-00992-JLT-SKO<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND CONTINUING THE SCHEDULING CONFERENCE<br><br>(Doc. 1) |

On July 17, 2024, Plaintiff Treehouse California Almonds, LLC commenced this action in Tulare County Superior Court asserting claims for breach of contract, trespass to chattels, violation of California Penal Code 496(c), unjust enrichment, and promissory estoppel. (Doc. 1-2.) On August 21, 2024, Defendant Tram Bar Co-Packing, LLC removed this action to federal court based on diversity of citizenship under 28 U.S.C. §1332. (Doc. 1.)

For the following reasons, the Court finds Defendant's Notice of Removal to be deficient and orders Defendant to show cause why this action should not be remanded to Tulare County Superior Court.

### I.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and

1

1    statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted).  "It is to
2    be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the
3    contrary rests upon the party asserting jurisdiction."  *Id*. (internal citations omitted); *see also*
4    *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006).  Consistent with the
5    limited jurisdiction of federal courts, the removal statute is strictly construed against removal
6    jurisdiction.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot.*
7    *v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash*., 856 F.2d 1375, 1380 (9th Cir.
8    1988).  "The 'strong presumption' against removal jurisdiction means that the defendant always
9    has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citations omitted);
10   *see also Nishimoto v. Federman-Bachrach & Assoc*., 903 F.2d 709, 712 n.3 (9th Cir. 1990);
11   *O'Halloran*, 856 F.2d at 1380.  "Federal jurisdiction must be rejected if there is any doubt as to
12   the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.  It is well-established that "a
13   district court's duty to establish subject matter jurisdiction is not contingent upon the parties'
14   arguments."  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 (9th
15   Cir. 2004).  Courts may consider the issue *sua sponte*.  *Demery v. Kupperman*, 735 F.2d 1139,
16   1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has emphasized that "district courts have an
17   'independent obligation to address subject-matter jurisdiction *sua sponte*.'"  *Grupo Dataflux v.*
18   *Atlas Global Grp., L.P*., 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*,
19   300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.   ANALYSIS

21       In order to invoke this Court's diversity jurisdiction, Defendant must demonstrate there is
22   complete diversity of citizenship between the parties and that the amount in controversy exceeds
23   $75,000. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Cohn v. Petsmart, Inc*., 281 F.3d 837,
24   839 (9th Cir. 2002); 28 U.S.C. § 1332.  "When an action is removed based on diversity, complete
25   diversity must exist at removal."  *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th
26   Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)).  "Federal courts look
27   only to a plaintiff's pleadings to determine removability."  *Id*. (citing *Self v. Gen. Motors Corp*.,
28   588 F.2d 655, 657 (9th Cir. 1978).  "Diversity is generally determined from the face of the

2

complaint." *Id*. (citation omitted). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

Here, Defendant has failed to meet its burden of demonstrating there is complete diversity of citizenship. The citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id*.; *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc*., 414 F. App'x. 62, 64–65 (9th Cir. 2011) (noting that if a member of an LLC is a limited partnership or LLC, defendants must also identify the citizenship of each member of that limited partnership or LLC).

Neither the complaint nor the Notice of Removal identifies the owners or members of the LLC parties, or the citizenship of their owners or members at the outset of the case. *See Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties at the outset of the case."). The Notice of Removal simply states Plaintiff "identifies itself in the Complaint as a California limited liability company with its principal place of business in Earlimart, California," and Defendant "is organized under the laws of the Commonwealth of Pennsylvania and its principal place of business is in Bedford, Pennsylvania." (Doc. 1 at 3.) Accordingly, Defendant has failed to meet its burden to establish this Court's jurisdiction. *See, e.g., Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, No. 1:14–cv–01125–SAB, 2015 WL 6689261, at *3 (E.D. Cal. Oct. 28, 2015) (granting motion to dismiss where plaintiff's second amendment complaint was "devoid of any mention of the citizenship of the owners of the LLC" because "failure to specify the state citizenship of the parties is fatal to the assertion of diversity jurisdiction").

### III. CONCLUSION AND ORDER

For the reasons states above, **IT IS HEREBY ORDERED** that Defendant show cause why this action should not be remanded to Tulare County Superior Court. Defendant has **fourteen (14) days from the date this Order is issued** to demonstrate why diversity jurisdiction exists. Defendant must submit competent proof establishing diversity. *See Harris v. Rand*, 682

3

1  F.3d 846, 851–52 (9th Cir. 2012) ("[T]he district court may properly require a party asserting
2  federal subject matter jurisdiction to establish its jurisdictional allegations by competent proof.").
3      Plaintiff thereafter has **ten (10) days from the date of service of Defendant's filing** to
4  file a response, if it so chooses. Should Defendant fail to file a response to this Order to Show
5  Cause, the undersigned will recommend to the assigned district judge that the case be remanded
6  *sua sponte* without further notice to the parties.
7      The mandatory scheduling conference set for March 4, 2025, is **HEREBY CONTINUED**
8  to **May 6, 2025, at 10:15 A.M. before the undersigned.** The parties shall file their joint
9  scheduling report by no later than seven (7) days before the conference.

IT IS SO ORDERED.

Dated:   **March 3, 2025**              /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE