# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREEHOUSE CALIFORNIA ALMONDS LLC,<br>Plaintiff,<br>v.<br>TRAM BAR CO-PACKING LLC,<br>Defendants. | Case No. 1:24-cv-00992-JLT-EGC<br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF**<br>(Doc. 38) |

## I. INTRODUCTION

On June 11, 2026, Whitney Thompson & Jeffcoach LLP ("WTJ"), attorneys for Defendants Tram-Bar Co-Packing LLC ("Tram Bar"), filed a motion to withdraw as Defendant Tram Bar's attorneys, with supporting declaration from Paul R. Graus, Esq. ("Attorney Gaus"). (Doc. 38). Neither Defendant nor Plaintiff Treehouse California Almonds LLC have responded. (*See* Docket). The matter is therefore deemed unopposed and submitted on the papers, pursuant to Local Rule 230(g), and the hearing set for July 29, 2026, shall be vacated.

Upon consideration of the motion and supporting papers, and for the reasons set forth below, WTJ's motion to withdraw as counsel for Defendant will be granted.

## II. BACKGROUND

### A. Procedural Posture

On August 21, 2024, Plaintiff initiated this action against Defendant in Tulare County Superior Court asserting various state law claims related to an alleged breach of contract. (Doc. 1-2 at 6–11). On August 21, 2024, Defendant removed the action pursuant to 28 U.S.C. §§ 1332,

1441, and 1446. (Doc. 1 at 2). The court held an initial scheduling conference on May 6, 2025, and entered a corresponding scheduling order the following day. (Docs. 28, 29). Pursuant to the scheduling order as amended, the parties had until March 16, 2026, to complete fact discovery and trial is set for August 14, 2026. (Docs. 29, 34, 36).

**B. Factual Background**[1]

On December 16, 2024, Defendant entered into a legal services agreement with WTJ, in which Defendant agreed to pay legal fees and expenses to WTJ in exchange for representation in this matter. (Doc. 38-2 ("Gaus Decl.') ¶ 2).

Upon a breach of the legal services agreement, in May 2026, WTJ attempted to remedy the outstanding breach and advised that if Defendant were unable to remedy the breach, WTJ would need to withdraw. (*Id.* ¶ 4). Upon this notification, Defendant authorized WTJ to withdraw from representation. (*Id.* ¶ 5). WTJ then advised Defendant that business entities cannot proceed *in pro per* in Federal Court. (*Id.*). Defendant did not object to WTJ's withdrawal from this matter. (*Id.*).

WTJ represents a belief that beyond the breach of the legal services agreement, there has been a breakdown in the working relationship between Defendant and WTJ, in that WTJ and Defendant "presently have different viewpoints on litigation strategy and resolution of this action." (*Id.* ¶ 6).

## III. LEGAL STANDARD

Under Local Rule 182 of the United States District Court for the Eastern District of California, "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. L.R. 182(d). The rule further provides:

> The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

[1] For the purposes of this motion, the uncontroverted facts included in the Gaus Declaration will be taken as true.

*Id*.

In the Ninth Circuit, the California Rules of Professional Conduct are interpreted according to California state law. *See Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010) (citing *Image Technical Servs., Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993)); *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

Rule of Professional Conduct 1.16(b) provides various grounds for permissive withdraw, including where

> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;"
>
> (6) the client knowingly* and freely assents to termination of the representation that an attorney may request permission to withdraw where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."

Cal. Rule Prof. Conduct 1.16(b). Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[2]

"In ruling on a motion to withdraw, some courts have looked to the following factors: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Gibson v. Hagerty Ins. Agency*, No. 1:16–cv–00677–BAM, 2018 WL 1382335, at *4 (E.D. Cal. Mar. 19, 2018) (citation omitted). The Court has discretion to deny an attorney's motion to withdraw made on the eve of trial. *See Ramirez v. Sturdevant*, 26 Cal. Rptr. 2d 554 (Cal. Ct. App. 1994) (noting that it is unethical for an attorney to

[2] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

abandon a client at a "critical point" in the litigation if it would prejudice the client's case); *see also Vachula v. General Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion").

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

**IV. DISCUSSION**

Considering the aforementioned factors, the Court starts with the reasons for withdraw. Here, Plaintiff's Counsel provides three reasons for seeking withdrawal.

First, Defendant has materially breached the legal services agreement between Defendant and WTJ. (Doc. 38-1 at 2; Gaus Decl. ¶ 3). Failure to pay legal fees is a proper ground for withdrawing as counsel. Cal. Rule Prof. Conduct 1.16(b)(5); *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02–cv–06599–OWW–DLB, 2009 WL 89141, *1 (E.D. Cal. 2009) (listing cases finding the failure to pay attorney's fees is grounds for withdrawal).

Second, WTJ is unable to provide effective assistance because the relationship with Plaintiff has deteriorated. (Doc. 38-1 at 2; Gaus Decl. ¶ 6). The breakdown of the relationship between WTJ and Defendant is a proper ground for withdrawing as counsel. Cal. Rule Prof. Conduct 1.16(b)(4); *Fred Hall Shows, Inc. v. Hall*, No. 8:21-CV-00417-JVS-KES, 2024 WL 3915150, at *1 (C.D. Cal. July 22, 2024) ("A breakdown in communication between counsel and the represented party constitutes good cause to withdraw as counsel.")

Third, Defendant has consented to the withdrawal. (Gaus Decl. ¶ 5). A party's consent to withdraw is also a proper ground for withdrawing as counsel. Cal. Rule Prof. Conduct 1.16(b)(6); *Cal Fresco, LLC v. Nutrition Corp, Inc.*, No. 8:23-CV-00970-MRA-JDE, 2025 WL 1235139, at *3 (C.D. Cal. Apr. 18, 2025).

The Court also finds Plaintiff's Counsel has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). Specifically, WTJ continued to represent Defendant during the discovery process and in settlement discussions despite the breach of the legal services agreement. (Gaus. Decl. ¶ 3). WTJ also

informed Defendant of their intent to file a motion to withdraw as counsel, advised Defendant of the rule that business entities cannot proceed *in pro per* in federal court, and obtained Defendant's consent to withdraw. (*Id.* ¶ 5); *see Cal Fresco, LLC*, 2025 WL 1235139, at *3.

Turning to the second factor, with respect to whether Plaintiff will be prejudiced by WTJ's withdrawal, Plaintiff does not oppose the Motion to Withdraw. (*See* Docket). Accordingly, the Court finds any prejudice to Plaintiff is negligible.

The other two factors weigh in favor of denying WTJ's request to withdraw. Specifically, the administration of justice will be harmed because justice will be delayed and a final decision in a case that has been pending for almost two years will be further postponed. Additionally, the withdrawal will delay resolution of the case because trial will need to be continued to give Defendant additional time to identify new counsel.

Nonetheless, given Defendant's unwillingness to pay WTJ their fees, the breakdown of the relationship between WTJ and Defendant, as well as Defendant's consent to WTJ's withdraw, the Court finds WTJ has shown sufficient good cause to withdraw and that the ends of justice require granting the Motion.

In so finding, the Court notes that while courts are cautious to grant withdrawal on the eve of trial, courts have permitted withdrawal in similar circumstances despite the close proximity of trial. *See*, *e.g.*, *Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV 13–05167 BRO (MANx), 2014 WL 12591456, at *2 (C.D. Cal. Dec. 2, 2014) (allowing withdrawal two weeks before trial where counsel "demonstrated [an] inability to litigate [the] matter competently due to his client's refusal to cooperate with him"); *Canandaigua Wine Co.*, WL 89141, at *2 (granting motion to withdraw less than one month before trial where defendant's counsel declared "that his client has repeatedly refused to accept his advice as to trial strategy or pay his fees"); *Pehle v. DuFour*, 2:06–cv–01889–MCE–EFB, 2011 WL 283663, at *1 (E.D. Cal. Jan. 26, 2011) (granting motion to withdraw where client consented to withdrawal and client could not pay attorney's fees); *Warkentine v. Soria*, 1:13–cv–1550–MJS, 2014 WL 12773794, at *2) (E.D. Cal. Dec. 19, 2014) (granting withdrawal where client did not oppose motion, filed a consent order granting substitution of attorney, and there was a breakdown of communication).

## V. CONCLUSION AND ORDER

Considering WTJ's reasons for withdrawal, the absence of prejudice to the parties, the harm to the administration of justice, and the potential delay, the Court finds that on balance, WTJ's Motion to Withdraw as attorneys for Defendant Tram Bar Co-Packing, (Doc. 38), shall be GRANTED. The hearing set for July 29, 2026, is VACATED.

The Clerk of Court is **DIRECTED** to relieve Mandy Louise Jeffcoach, Esq. and Paul R. Gaus, Esq., as well as Whitney Thompson and Jeffcoach, LLP as attorneys for Defendant. Within five (5) business days of the date of this order, Attorney Gaus **SHALL** send to Defendant via U.S. mail all client materials and fees advanced in accordance with Rule of Professional Conduct 1.16(e).

Because it is an organization, Defendant Tram Bar Co-Packaging cannot proceed *in pro per*, and must obtain new counsel to appear before this Court. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004). To ensure the speedy and judicious resolution of this matter, Defendant Tram Bar Co-Packaging is therefore **ORDERED** to file a notice of appearance of new counsel no later than thirty (30) days from the filing of this order. *See Cal Fresco, LLC*, 2025 WL 1235139, at *3. Further, within seven (7) days of the appearance of new counsel, the parties are **ORDERED** to file a Status Report proposing new dates for the remainder of the case schedule.

Failure to comply with this Order may result in the entry of default judgment against Defendants without further warning.

The Clerk of Court **SHALL** serve a copy of this order via U.S. Mail on Defendant at the following address: 4 Commerce Ct., Bedford, Pennsylvania 15522.

IT IS SO ORDERED.

Dated: **July 10, 2026**

Erin Sanchez Castillo

UNITED STATES MAGISTRATE JUDGE